UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYQUAN STEWART BEY, a/k/a Tyquan Stewart, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:18-CV-186-TLS |
| CHRISTOPHER C. MYERS & ASSOCIATES, et al., | ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Plaintiff Tyquan Stewart bey, proceeding pro se, filed a Complaint [ECF No. 1] on June 18, 2018, against Defendants Christopher C. Myers & Associates, David Frank, Mark Baeverstad, Rothberg Logan & Warsco LLP, and Parkview Behavior Hospital. He also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2].

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). The Plaintiff has done so in this case. However, the inquiry does not end here.

In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). Federal courts are also required to "check to see that federal jurisdiction is properly alleged." *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *see also Neitzke v. Williams*, 490 U.S. 319, 326 n.6 (1989).

Federal courts are courts of limited jurisdiction, *see Johnson v. U.S. Office of Personnel Management*, 783 F.3d 655, 660 (7th Cir. 2015), and the Plaintiff has the burden to establish subject matter jurisdiction. *See Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). In civil actions, federal district courts most commonly exercise federal question jurisdiction or diversity jurisdiction over cases or controversies. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). The instant case appears to stem from a settlement in a prior lawsuit. (*See* Compl. at 2–9.)

The Plaintiff's Complaint contains numerous claims. Three[1] of these claims appear to fall under federal statutes: the Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119–1025; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* These claims cannot proceed. First, the Affordable Care Act does not contain a private cause of action. Christine H. Monahan, Note, *Private Enforcement of the Affordable Care Act: Towards an "Implied Warranty of Legality" in Health Insurance*, 126 Yale L.J. 1118, 1150 (2017) ("[B]ecause Congress did not intend to create a federal cause of action to enforce the ACA, the courts may not imply one.") Second, the Plaintiff has failed to explain how any of the Defendants are covered by the ADA in these circumstances. The ADA prohibits discrimination based on disability in several settings, including employment (Title I), public entities (Title II), public accommodations (Title III), and telecommunications (Title IV). None of these scenarios are applicable to the relationship between the Plaintiff and any of the Defendants.

Finally, the Plaintiff's claim under the Rehabilitation Act is also deficient. "To state a discrimination claim under the Rehabilitation Act, [the] Plaintiff must allege that he was: (1) an individual with a disability; (2) otherwise qualified for the benefit sought; (3) discriminated against solely because of his handicap; and (4) discriminated against by an entity that received federal financial help." *Thurman v. Mount Carmel High Sch.*, 191 F. Supp. 3d 894, 898 (N.D. Ill. 2016) (citing *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 722–23 (N.D. Ill. 2015)) (internal

---

[1] The Plaintiff also cites to the "Equality Act," which is not a duly enacted federal statute.

quotation marks omitted). The Plaintiff has failed to allege the second, third, and fourth requirements for a claim under the Rehabilitation Act.

As such, the Plaintiff has not stated a federal claim. All remaining claims are based on state law. The Court has jurisdiction over these state law claims only if the parties are (1) completely diverse and (2) if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Plaintiff, however, has not alleged the Defendants' citizenship and has not stated the total amount in controversy. If the Plaintiff wishes to proceed under diversity of citizenship jurisdiction, then he must allege his state of citizenship, the state of citizenship of each Defendant, and the amount in controversy. The Court will lack jurisdiction, and must dismiss the Plaintiff's case, if a single Defendant is a citizen of Indiana and the Plaintiff pursues exclusively state law claims. That said, the Plaintiff is free to pursue his state-law claims in state court.

## CONCLUSION

For the foregoing reasons, the Court:

(1)     DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No.2];

(2)     DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3)     GRANTS the Plaintiff until August 3, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4)     CAUTIONS the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on July 16, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT